**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

REBHI MAHER ASALIEH,

Petitioner,

v.

SECRETARY OF HOMELAND SECURITY, et al.,

Respondents.

Case No. 5:26-cv-2409-RGK-SK

**ORDER TO SHOW CAUSE**

Respondents are ORDERED TO SHOW CAUSE at 1:30 PM on August 19, 2026 in Courtroom 540 why the petition under 28 U.S.C. § 2241 should not be granted with petitioner ordered released on his prior order of supervision. Petitioner is subject to a final order of removal and detained under 8 U.S.C. § 1231(a). Even if the removal period restarted on April 22, 2026 when petitioner was released from county custody into ICE custody, that 90-day period lapsed on July 21, 2026. Petitioner's continued detention thus rests on § 1231(a)(6) and is subject to the overall six-month presumptive limit recognized in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). That six-month presumption of reasonableness "is 'just that—a presumption,'" *Clark v. Martinez*, 543 U.S. 371, 387 (2005) (O'Connor, J., concurring), and is not a "prohibition on claims challenging

detention less than six months." *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 993 (C.D. Cal. 2018).

Petitioner points to formal, documented refusals by both Israel (his country of birth) and Jordan (his country of citizenship) for his repatriation: Israel denied the government's request for travel documents on November 15, 2002, and Jordan denied such requests on January 30, 2003, and again on January 30, 2004. Those refusals prompted the government itself to conclude that removal was not reasonably foreseeable and to release petitioner on an order of supervision—under which he has remained for nearly 23 years without any documented progress toward removal. He has thus met his burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (cleaned up).

Respondents' evidence has not rebutted that showing. Their sole evidence of foreseeable removal is a letter sent to the Israeli Consulate General on May 7, 2026, requesting a travel document within seven days. Taking that submission as true, it establishes only that respondents have taken one step toward effectuating removal. It provides no information as to a timeline for when a travel document will actually issue, no indication of the criteria Israel applies in deciding whether to issue travel documents, and no explanation of how petitioner satisfies those criteria. *See Bui v. Noem*, 2025 WL 4061564, at *3–4 (C.D. Cal. Dec. 30, 2025)

(Klausner, J.) (pending travel-document request, without timeline or criteria, "fails to provide the necessary information that would substantiate a claim" of foreseeable removal). And it appears that respondents' renewed request—with its self-imposed seven-day deadline—has gone unanswered for nearly three months.

Alternatively, petitioner has shown that respondents have not followed their own required procedures for revocation of his order of supervision. Upon revocation, petitioner was entitled to notice of the reasons for revocation, issued by an authorized official, and a prompt informal interview affording him an opportunity to respond. *See* 8 C.F.R. §§ 241.4(l)(2)–(3), 241.13(i)(2)–(3); *Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1019 (2025). Yet respondents have presented no evidence of any notice, statement of reasons, or proof of service. Nor is there record evidence of the identity or authority of any revoking official, or any evidence of an informal interview. Where the government fails to document compliance with even one of these requirements, the resulting detention has sometimes been found unlawful. *See, e.g.*, *Bui*, 2025 WL 4061564, at *4. Here, the record reveals no apparent compliance with any of the requirements. Respondents, who possess whatever revocation paperwork exists, elected to submit a Form I-213, the 2002 removal order, and a 2026 consular letter—but nothing else.

Finally, respondents have not identified any third country for petitioner's removal, served any notice of third-country removal, or initiated any screening. On this record, the possibility of removal to a third country is merely speculative. *See Delkash v. Noem*, 2025 WL 2683988, at *5 n.2 (C.D. Cal. Aug. 28, 2025).

* * *

Without waiving the substantive arguments raised in their answer to the petition, respondents may discharge this show-cause order by filing a stipulation and proposed judgment granting the § 2241 with an order of release on petitioner's prior order of supervision by no later than August 12, 2026, in which case the August 19 hearing on this matter will be automatically vacated.

IT IS SO ORDERED.

DATED: August 3, 2026

HON. STEVE KIM
United States Magistrate Judge